IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | ) <br> ) 2:20-cv-00908-RJC <br> ) |
| Plaintiff, | ) <br> ) Judge Robert J. Colville |
| vs. | ) <br> ) |
| CHARLES JOSEPH SIMONE, | ) <br> ) |
| Defendant. | ) |

## OPINION

Robert J. Colville, United States District Judge

Before the Court is the Motion for Judgment on the Pleadings (ECF No. 15) filed by Plaintiff State Farm Fire and Casualty Company ("State Farm"). In this declaratory judgment action, State Farm seeks a judicial determination that State Farm does not have a duty to defend or a duty to indemnify Defendant, Charles Joseph Simone ("Simone"), with respect to allegations set forth in the complaint filed by Michael Wain and Erin Wain (the "Underlying Complaint")[1] in the underlying action captioned *Michael Wain and Erin Wain v. Charles Joseph Simone, Live Nation Entertainment, Inc. and Crossroads Properties, Inc., Crossroads Properties, Inc.*, Docket No. GD-19-010563 (the "Underlying Action"), which is currently pending in the Court of Common Pleas of Allegheny County. Mot. ¶ 1, ECF No. 15. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). State Farm's Motion has been fully briefed, and is ripe for disposition.

---

[1] The Underlying Complaint is attached to State Farm's Motion as Ex. B, and the Court will cite to the Underlying Complaint in the following manner: Underlying Compl. ¶ ____, ECF No. 15-2.

1

I.      **Factual Background & Procedural History**

State Farm issued Homeowners Policy No. 38-CF-D516-5 to Simone for the policy period February 25, 2017 - February 25, 2018 (the "Policy").[2]  Mot. ¶ 3, ECF No. 15; Resp. ¶ 3, ECF No. 18.  State Farm has been providing a defense to Simone in the Underlying Action pursuant to a reservation of rights.  Mot. ¶ 4, ECF No. 15; Resp. ¶ 4, ECF No. 18.  With respect to personal liability, the Policy provides:

> If a claim is made or suit is brought against an **insured** for damages because of **bodily injury** or **property damage** to which this coverage applies, caused by an **occurrence**, we will:
>
> > 1. pay up to our limit of liability for the damages for which the **insured** is legally liable; and
> >
> > 2. provide a defense at our expense by counsel of our choice.  We may make any investigation and settle any claim or suit we decide is appropriate.  Our obligations to defend any claim or suit ends when the amount we pay for damages, to effect settlement or satisfy a judgment resulting from the **occurrence**, equals our limit of liability.

Policy 25, ECF No. 15-3.  The Policy defines "bodily injury" as follows:

> 1. "**bodily injury**" means physical injury, sickness, or disease to a person.  This includes required care, loss of services and death resulting therefrom.
>
> **Bodily injury** does not include:
>
> . . . .
>
> c. emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury unless it arises out of actual physical injury to some person.

Policy 11, ECF No. 15-3.  Endorsement FE-3518 to the Policy defines "occurrence" as:

> 7. "**occurrence**," when used in Section II of this policy, means an accident, including exposure to conditions, which first results in:
>
> > a. **bodily injury**; or

---

[2] The Policy is attached to State Farm's Motion as Ex. B, and the Court will cite to the Policy in the following manner: Policy ____, ECF No. 15-3.  Because the pages of the Policy are not consecutively numbered, the Court will cite to the ECF page number when citing to the Policy.

>    b. **property damage**;
>
> during the policy period.  All **bodily injury** and **property damage** resulting from one accident, series of related accidents or from continuous and repeated exposure to the same general conditions is considered to be one **occurrence**.

Policy 36, ECF No. 15-3.

The Underlying Complaint sets forth claims against Simone for assault, negligence, and loss of consortium.  Mot. ¶ 15, ECF No. 15; Resp. ¶ 15, ECF No. 18.  In the Underlying Complaint, Michael Wain and Erin Wain set forth the following allegations relevant to this Court's consideration of State Farm's Motion for Judgment on the Pleadings:

Michael Wain and Erin Wain attended a music concert at the Key Bank Pavilion in Hanover Township, Pennsylvania on August 19, 2017.  Underlying Compl. ¶ 7, ECF No. 15-2.  Simone was also present at the Key Bank Pavilion on August 19, 2017 for the same concert.  *Id.* at ¶ 10.  The Key Bank Pavilion was crowded at all relevant times and lacked direct pathways or crowd security directing pedestrians in an orderly manner.  *Id.* at ¶ 11.  Due to the crowded nature of the venue, Simone and a friend of Michael Wain "bumped into" one another.  *Id.* at ¶ 12.  After Simone and Michael Wain's friend bumped into one another, Simone assaulted Michael Wain and his friend.  *Id.* at ¶ 13.  More specifically, Simone struck Michael Wain in the face with his fist causing serious bodily injury to Michael Wain.  *Id.* at ¶ 15.  The alleged injuries suffered by Michael Wain include: "bilateral Le Fort 1 maxillary fracture and left zygomatic maxillary complex fracture and bilateral nasal fractures and a traumatic brain injury, laceration of hand, teeth loss, broken jaw, broken eye socket, 7 broken bones in his face[,] and right wrist injuries."  *Id.* at ¶ 17.

State Farm filed its Complaint for Declaratory Judgment (ECF No. 1) on June 15, 2020.  Simone filed an Answer and Affirmative Defenses (ECF No. 13) to State Farm's Complaint on

July 13, 2020.  State Farm filed its Motion for Judgment on the Pleadings and a Brief in Support (ECF No. 17) on July 22, 2020.  Simone filed a Response (ECF No. 18) and Brief in Opposition (ECF No. 19) to State Farm's Motion on August 12, 2020.  State Farm filed a Reply (ECF No. 20) on August 18, 2020.

## II.     Legal Standard

Federal Rule of Civil Procedure 12(c) provides: "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  "In reviewing a motion for judgment on the pleadings, a court must accept the nonmovant's allegations as true and view all facts and inferences drawn therefrom in the light most favorable to the nonmoving party."  *Selective Way Ins. Co. v. Gingrich*, No. 1:10-CV-405, 2010 WL 4362450, at *2 (M.D. Pa. Oct. 27, 2010) (citing *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005)).  "A court presented with a motion for judgment on the pleadings must consider the plaintiff's complaint, the defendant's answer, and any written instruments or exhibits attached to the pleadings."  *Anthony v. Torrance State Hosp.*, No. CV 3:16-29, 2016 WL 4581350, at *1 (W.D. Pa. 2016) (citing *Perelman v. Perelman*, 919 F.Supp.2d 512, 521 (E.D. Pa. 2013)).  A motion for judgment on the pleadings may be granted where "'the movant clearly establishes that no material issue of fact remains to be resolved' and that it is 'entitled to judgment as a matter of law.'"  *Wiseman Oil Co. v. TIG Ins. Co.*, 878 F. Supp. 2d 597, 600 (W.D. Pa. 2012) (quoting *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008)).

## III.    Discussion

In determining whether an insurer has a duty to defend its insured, a court applying Pennsylvania law "makes its determination by defining the scope of coverage under the insurance policy on which the insured relies and comparing the scope of coverage to the allegations of the

underlying complaint." *Ramara, Inc. v. Westfield Ins. Co.*, 814 F.3d 660, 673 (3d Cir. 2016) (citing *Sikirica*, 416 F.3d at 226; *Gen. Accident Ins. Co. of Am. v. Allen*, 692 A.2d 1089, 1095 (Pa. 1997)). "If the allegations of the underlying complaint *potentially* could support recovery under the policy, there will be coverage at least to the extent that the insurer has a duty to defend its insured in the case." *Ramara*, 814 F.3d at 673 (citing *Sikirica*, 416 F.3d at 226). In *Ramara*, the United States Court of Appeals for the Third Circuit explained:

> Importantly, Pennsylvania adheres to the "four corners" rule (also known as the "eight corners" rule), under which an insurer's potential duty to defend is "determined *solely* by the allegations of the complaint in the [underlying] action." Under the four corners rule, a court in determining if there is coverage does not look outside the allegations of the underlying complaint or consider extrinsic evidence.

*Ramara*, 814 F.3d 673 (internal citations omitted) (quoting *Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.*, 908 A.2d 888, 896 (Pa. 2006)). In *Sikirica*, the Third Circuit explained that "[t]he duty to defend is a distinct obligation, different from and broader than the duty to indemnify," and further explained that, "[b]ecause the duty to defend is broader than the duty to indemnify, there is no duty to indemnify if there is no duty to defend." *Sikirica*, 416 F.3d at 225.

With respect to interpretation of an insurance policy, the United States Court of Appeals for the Third Circuit has explained:

> Interpretation of an insurance policy is a question of law . . . . *Westport Ins. Corp. v. Bayer*, 284 F.3d 489, 496 (3d Cir.2002). In construing the policy, if the words of the policy are clear and unambiguous, the court must give them their plain and ordinary meaning. *Pac. Indem. Co. v. Linn*, 766 F.2d 754, 760–61 (3d Cir.1985). When a term is ambiguous, and the intention of the parties cannot be discerned from the policy, the court may look to extrinsic evidence of the purpose of the insurance, its subject matter, the situation of the parties, and the circumstances surrounding the making of the contract. *Id.* at 761. Ambiguous terms must be strictly construed against the insurer, but the policy language must not be tortured to create ambiguities where none exist. *Id*.

*Sikirica*, 416 F.3d at 220.

"As long as a complaint alleges an injury which may be within the scope of the policy, the insurer must defend its insured until the claim is confined to a recovery the policy does not cover." *Erie Ins. Exch. v. Fidler*, 808 A.2d 587, 590 (Pa. Super. 2002) (citing *Germantown Ins. Co. v. Martin*, 595 A.2d 1172, 1174 (Pa. Super. 1991)). "However, the particular cause of action that a complainant pleads is not determinative of whether coverage has been triggered," and a court must instead look to the factual allegations set forth in the underlying complaint in determining whether there is coverage. *Mut. Ben. Ins. Co. v. Haver*, 725 A.2d 743, 745 (Pa. 1999); s*ee also Allstate Ins. Co. v. Thompson*, No. CIV.A. 05-5353, 2006 WL 2387090, at *2 (E.D. Pa. July 19, 2006) ("To prevent artful pleading designed to avoid policy exclusions, it is necessary to look at the factual allegations in the complaint, and not how the underlying plaintiff frames the request for relief. In other words, it is the substance, not the form, of the allegations that is the focus of the coverage inquiry." (citing *Haver*, 725 A.2d at 745)).

In the present declaratory judgment action, State Farm argues that it does not have a duty to defend or indemnify Simone in the Underlying Action because the Underlying Complaint does not allege that Michael Wain's injuries were caused by an "occurrence" as that term is defined in the Policy. Br. in Supp. 6, ECF No. 17. Specifically, State Farm asserts the Underlying Complaint does not allege that the injuries set forth in the Underlying Complaint were caused by an "accident," and that the Underlying Complaint's allegations thus could not possibly support recovery under the Policy. *Id.* at 9.

The Policy provides coverage for damages that result from "bodily injury"[3] caused by an "occurrence." Policy 25, ECF No. 15-3. The Policy defines an "occurrence" as an "accident."

---

[3] State Farm concedes that Michael Wain's alleged injuries may qualify as "bodily injury" under the Policy. Br. in Supp. 6, ECF No. 17.

6

Policy 36, ECF No. 15-3.  Accordingly, in order for State Farm to owe a duty to defend with respect to the Underlying Action, the Underlying Complaint must contain allegations that could potentially support a finding that Michael Wain's injuries were caused by an "accident."

The Policy does not define the term "accident."  With respect to situations in which an insurance policy does not explicitly define the term "accident," the Honorable Cathy Bissoon of the United States District Court for the Western District of Pennsylvania has aptly summarized relevant caselaw as follows:

> Pennsylvania law supplies meaning to that term, as recently explained by the Court of Appeals for the Third Circuit:
>
>> In *Donegal Mutual Insurance Co. v. Baumhammers*, the Supreme Court of Pennsylvania said that, when "accident" is undefined in an insurance policy, Pennsylvania courts should treat the term as "refer[ing] to an unexpected and undesirable event occurring unintentionally...." 595 Pa. 147, 938 A.2d 286, 292 (2007). [T]he key term in the definition of the "accident" is "unexpected" which implies a degree of fortuity.  An injury therefore is not "accidental" if the injury was the natural and expected result of the insured's actions....  *See also Minnesota Fire and Cas. Co. v. Greenfield*, 579 Pa. 333, 855 A.2d 854, 870 (2004) ("'Accident' has been defined in the context of insurance contracts as an event or happening without human agency or, if happening through such agency, an event which, under circumstances, is unusual and not expected by the person to whom it happens.") (internal citations omitted).  That definition comports with the basic purpose of insurance: "to cover only fortuitous losses."  *United Servs. Auto. Ass'n v. Elitzky*, 358 Pa.Super. 362, 517 A.2d 982, 986 (1986).
>
> *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, No. 15-2080, 2016 WL 4547641, at *11 (3d Cir. Sept. 1, 2016).  In other words,
>
>> [a]n accident, simply stated, is merely an unanticipated event; it is something which occurs not as the result of natural routine but as the culmination of forces working without design, coordination or plan.  And the more disorganized the forces, the more confusedly they operate, the more indiscriminately haphazard the clash and intermingling, the more perfect is the resulting accident.

> *State Farm Fire & Cas. Co. v. Estate of Mehlman*, 589 F.3d 105, 111 (3d Cir. 2009) (citing *Brenneman v. St. Paul Fire & Marine Ins. Co.*, 192 A.2d 745, 747 (Pa. 1963)). "Moreover, '[q]ualification of a particular incident as an accident seems to depend on two criteria: 1. the degree of foreseeability, and 2. the state of mind of the actor in intending or not intending the result.'" *Id.* (citing Black's Law Dictionary 16 (9th ed. 2009)) (alteration in the original).

*State Farm Fire & Cas. Co. v. A.S.*, No. CV 16-35, 2016 WL 7451631, at *4–5 (W.D. Pa. Dec. 28, 2016). In determining whether the injuries alleged in an underlying complaint resulted from an accident, a court considers the operative events from the insured's, as opposed to the underlying plaintiff's, perspective. *State Farm Fire & Cas. Co. v. Estate of Mehlman*, 589 F.3d 105, 111 (3d Cir. 2009). It is thus irrelevant in the present case whether the events alleged in the Underlying Complaint were unexpected from Michael Wain's perspective. *A.S.*, 2016 WL 7451631, at *5.

The Supreme Court of Pennsylvania has held that willful and malicious assaults are not accidents. *See Gene's Rest., Inc. v. Nationwide Ins. Co.*, 548 A.2d 246, 247 (Pa. 1988) ("Under this definition an 'occurrence' is an accident. The willful and malicious assault alleged in the complaint is not an accident but rather is an intentional tort. As such, it is not covered by the policy and, therefore, the insurer owed no duty to defend." (footnote omitted)). Accordingly, it is clear that Count I of the Underlying Complaint, which asserts a claim for assault, cannot support recovery or coverage under the Policy. The Underlying Complaint, however, also asserts a claim for negligence. As noted above, courts look to the factual allegations alleged in the underlying complaint, and not the particular cause of action that a complainant pleads, in determining whether coverage has been triggered. *Haver*, 725 A.2d at 745. As such, the Court must look to the factual allegations set forth in the Underlying Complaint in support of the Underlying Complaint's negligence claim in determining whether the Underlying Complaint sets forth allegations which could potentially support recovery under the policy, thus triggering State Farm's duty to defend.

8

In a materially similar case in which an insured was alleged to have punched an underlying plaintiff in the face and was further alleged to have struck the underlying plaintiff with a billiard ball, the United States District Court for the Eastern District of Pennsylvania held that "[the insured's] actions cannot reasonably be classified as anything other than intentional conduct. . . . Nothing alleged indicates that [the insured] did not intend the 'natural and expected' consequences of his actions." *State Farm Fire & Cas. Co. v. Massi*, No. CV 16-00169, 2016 WL 3014890, at *3 (E.D. Pa. May 26, 2016) (quoting *Donegal*, 938 A.2d at 292). In *Massi*, the plaintiff in the underlying action brought both a negligence claim and an assault and battery claim, and the insured argued "that the complaint as a whole supports an alternative theory of negligent behavior." *Massi*, 2016 WL 3014890 at *4. The United States District Court for the Eastern District of Pennsylvania rejected that argument and held:

> The *facts* in the underlying complaint portray an allegedly intoxicated person whose violent behavior culminated in [the underlying plaintiff] being struck in the face and/or struck with a billiard ball, rendering him unconscious. Indeed, [underlying plaintiff's] negligence claim states that his injuries "were caused solely by the *intentional* act of [the insured] combined with" his carelessness and negligence; even the negligence claim alleges intentional conduct. The complaint is not just "thin on detailed facts" supporting negligence or a lack of intent, it lacks such facts entirely.

*Id.* (citations omitted)); *see also State Farm Fire & Cas. Co. v. Scalia*, No. 1:14-CV-00049, 2014 WL 6982926, at *7 (M.D. Pa. Dec. 9, 2014) (in a case where "[the underlying plaintiff] alleged that [the insured] 'violently struck' her with 'great force and violence, pulled the [underlying plaintiff] from her car, pushed and shoved the [underlying plaintiff] and knocked the [underlying plaintiff] to the ground," the United States District Court for the Middle District of Pennsylvania explained: "[the insured] contends that it is likely that [the underlying plaintiff] will amend her claim to allege negligence and thus [the insurer] should be obligated to continue to defend [the insured]. However, no factual allegations in [the underlying plaintiff's] complaint support this

9

claim. To reiterate, the factual allegations solely allege intentional violent acts on the part of [the insured]." (footnote omitted)); *Fidler*, 808 A.2d 587, 591 (Pa. Super. 2002) (where the underlying complaint contained allegations of negligence, the Superior Court of Pennsylvania found: "[r]egardless of the language used in the complaint to 'create' an issue of fact surrounding [the insured's] specific intent, it is clear from the undisputed facts alleged therein that [the insured's] assault on [the underlying plaintiff] was intentional."); *Nationwide Prop. & Cas. Ins. Co. v. Zatyko*, No. CV 16-1010, 2016 WL 7375013, at *4 (E.D. Pa. Dec. 20, 2016) ("Thus, in this Court's opinion, the artful and vague pleading of the State Court Complaint, which attempts to characterize an intentional assault as a claim sounding in negligence, is insufficient to trigger [the insurer's] duty to defend."); *Mehlman*, 589 F.3d at 116 ("Mehlman's intoxication did not render his attack on Iacono unintentional, and the inclusion of two negligence causes of action cannot change that circumstance." (citing *Haver*, 725 A.2d at 745)); *A.S.*, 2016 WL 7451631, at *5 ("Here, despite one of the relevant counts in the Underlying Complaint encompassing the term 'negligence,' it is clear that any injury suffered by Jane Doe was not 'accidental.' Sexual assault does not happen by accident.").

In his Brief in Opposition, Simone argues that the Underlying Complaint sets forth allegations of negligent behavior on the part of Simone in addition to allegations of intentional conduct, and specifically relies on the Underlying Complaint's allegations that Simone breached the duty to act reasonably and avoid injuring Michael Wain by: (1) "[n]egligently striking [Michael Wain] and causing him to suffer personal injuries"; (2) "[f]ailing to observe [Michael Wain] and avoid striking him"; and (3) "[f]ailing to stop his arm before striking Michael Wain." Br. in Opp'n 5, ECF No. 19 (quoting Underlying Compl. ¶¶ 23(a)-(b); (f); ECF No. 15-2). The Underlying Complaint also alleges that Simone was negligent in: "[p]ermitting himself to either (sic) become

intoxicated which caused him to strike Michael Wain"; "[a]llowing his emotions to control his actions which caused him to strike Michael Wain"; and "[l]osing control of his emotions which caused him to strike Michael Wain."  Underlying Compl. ¶¶ 23(c)-(e); ECF No. 15-2.

There is no allegation in the Underlying Complaint, however, that Simone lacked control over his arm at the time he allegedly struck Michael Wain, nor are there allegations which would indicate that Simone, in allegedly punching Michael Wain with enough force to break seven bones in his face, did not intend the "natural and expected" consequences of his actions.  *See Massi*, 2016 WL 3014890, at *3 (quoting *Donegal*, 938 A.2d at 292).  Rather, the Underlying Complaint simply alleges that, after Simone and Michael Wain's friend bumped into one another, Simone assaulted Michael Wain and his friend, and more specifically alleges that Simone struck Michael Wain in the face with his fist causing serious bodily injury to Michael Wain.  Underlying Compl. ¶¶ 13; 15, ECF No. 15-2.  Such allegations are clearly allegations of intentional conduct, and specifically a willful assault.

Further, the allegations set forth in support of the negligence claim in the Underlying Complaint also allege intentional conduct by Simone.  The Underlying Complaint alleges that Simone failed to stop his arm before his fist struck Michael Wain, i.e. that Simone punched Michael Wain, and that Simone's emotions caused him to strike Michael Wain, i.e. that Simone had an emotional response which caused him to want to punch Michael Wain.  While the Underlying Complaint alleges that Simone breached the duty to act reasonably, the duty allegedly breached in the Underlying Complaint is clearly the duty not to strike Michael Wain intentionally. *See Mehlman*, 589 F.3d at 116 ("Of course, Mehlman breached a duty that he owed Iacono but the duty he breached was not a duty of reasonable care, it was a duty not to harm her intentionally.").  Each of the Underlying Complaint's negligence allegations rely exclusively on and relate only to

Simone's alleged actions in striking Michael Wain in the face with his fist. Consistent with the above-cited case law, the Court finds that the factual allegations in the Underlying Complaint, while characterized as both negligence and assault, describe only an intentional physical assault.[4]

The Court notes that the Underlying Complaint also includes an allegation that Simone was intoxicated when he struck Michael Wain. *See* Underlying Compl. ¶ 23(c), ECF No. 15-2. While neither party has raised this issue in their briefing, the United States Court of Appeals for the Third Circuit, in a case requiring a determination as to whether an underlying complaint alleged an accident such that coverage was potentially available under an insurance policy, has explained that, "[u]nder Pennsylvania law, 'imbibed intoxicants must be considered in determining if the actor has the ability to formulate an intent.'" *Mehlman*, 589 F.3d at 112 (quoting *Stidham v. Millvale Sportsmen's Club*, 618 A.2d 945, 953 (Pa. Super. 1993)). "However, 'while voluntary intoxication may so cloud the mind as to deprive it of the power of pre-meditation and deliberation [ ], it will not prevent the formation of the general intent necessary for the commission of an assault and battery.'" *State Farm Mut. Auto. Ins. Co. v. Martin*, 660 A.2d 66, 68 (Pa. Super. 1995) (quoting *Esmond v. Liscio*, 224 A.2d 793, 797 (Pa. Super. 1966)). In *Mehlman*, the Third Circuit explained:

> [T]here is no allegation in this case that Mehlman was in the midst of an alcoholic blackout and had lost awareness of his actions at the time he assaulted Iacono. The only allegations to support a conclusion that this case involves an accident are that Mehlman was intoxicated and cognitively impaired at the time of the attack, and that he had a blood alcohol level of 0.21 percent when the police discovered his body. Although these allegations indicate that Mehlman was drunk during the events at issue, they do not suggest that Mehlman lacked awareness of his actions.

---

[4] In his Brief in Opposition, Simone seems to suggest that the Underlying Complaint alleges that Michael Wain's injuries also resulted from Michael Wain and Simone bumping into one other due to overcrowding at the concert venue. *See* Br. in Opp'n 5-6, ECF No. 19 ("These allegations on their face at least suggest that the Defendant, Charles Simone, failed to observe the Plaintiff due to the overcrowding situation and bumped into him and/or struck him in some fashion because he could not see the Plaintiff to 'avoid' him."). The Underlying Complaint, however, clearly alleges that Simone bumped into Michael Wain's *friend*, not Michael Wain. Underlying Compl. ¶¶ 12-13. As discussed above, each of the Underlying Complaint's assertions of negligence very explicitly rely on Simone's alleged actions in striking Michael Wain in the face with his fist.

*Mehlman*, 589 F.3d at 114.  The Third Circuit further held:

> Where, as here, the injured party does not make allegations indicating that an insured's intoxication prevented him from intending the consequences of his violent behavior, we are satisfied that Pennsylvania law does not permit an insured or his representative . . . to shift responsibility for the damages resulting from his behavior to his insurer.

*Id.* at 115.

The Underlying Complaint contains a single allegation that indicates that Simone was intoxicated at the time he allegedly struck Michael Wain.  *See* Underlying Compl. ¶ 23(c); ECF No. 15-2 (alleging that Simone breached the duty to act reasonably and avoid injuring Michael Wain by "[p]ermitting himself to either (sic) become intoxicated which caused him to strike Michael Wain.").  The single, general allegation in the Underlying Complaint that Simone was intoxicated at the time he allegedly struck Michael Wain clearly does not rise to the level required under Pennsylvania law, as discussed in *Mehlman*, to negate intent such that this Court could find that the Underlying Complaint sets forth an allegation that Simone's alleged striking of Michael Wain was an unintentional accident.  *See Massi*, 2016 WL 3014890, at *3 ("[the insured's] level of intoxication 'would have to be so severe that a court could find that [the insured] did not intend the natural and probable consequences of his actions.'" (quoting *IDS Prop. Cas. Ins. Co. v. Schonewolf*, 111 F. Supp. 3d 618, 624 (E.D. Pa. 2015))).  Accordingly, the Court finds that the Underlying Complaint's allegation that Simone was intoxicated at the time he struck Michael Wain does not support a finding that the Underlying Complaint sets forth an accident.

The Court finds that the factual allegations set forth in the Underlying Complaint describe only a willful physical assault, which is an intentional tort and not an accident.  *See Gene's*, 548 A.2d at 247.  The Policy provides coverage for damages that result from "bodily injury" caused by an "occurrence," Policy 25, ECF No. 15-3, and defines an "occurrence" as an "accident," *id.* at

36. Because an assault is not an accident, the Underlying Complaint fails to set forth allegations of bodily injury caused by an occurrence, and thus fails to set forth allegations that could potentially support recovery under the Policy.  Accordingly, State Farm does not owe a duty to defend or a duty to indemnify Simone in the Underlying Action.

## IV.     Conclusion

For the reasons discussed above, the Court will grant State Farm's Motion for Judgment on the Pleadings.  An appropriate Order of Court follows.

BY THE COURT:

s/*Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: January 28, 2021
cc/ecf: All counsel of record